IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO KEATON,

    Plaintiff,                    No. CIV S-03-0864 GEB CMK P

    vs.

T. FELKER, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner, proceeding pro se and in forma pauperis brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is plaintiff's motion for a temporary restraining order and/or injunctive relief. Plaintiff's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 65-231(c). Therefore, the request will be construed as a motion for a preliminary injunction.

        Plaintiff seeks a preliminary injunction ordering that plaintiff be transferred from High Desert State Prison to another prison in the California State Prison System. In support of his motion, plaintiff states that officials at High Desert State Prison are "making threats on plaintiff's life, violating his (ADA) rights not giving much needed medical treatment, and ongoing reprisals." (Pl.'s Mot. T.R.O. at 2.) Plaintiff states that he was transferred to High

1

Desert State Prison from the Medical Facility in Vacaville where he underwent brain surgery. Plaintiff believed that he would be transferred to Corcoran State Prison where he could receive the "best treatments" but, instead, was sent to High Desert State Prison where is "getting none of the follow-up-treatments that [he] need most." (Id. at 4-5.)  Plaintiff alleges that he has been called dumb, told that he was on prison officials' hit list, put in the hole and had his vision impaired vest[1] and his glasses taken from him.  (Id.)

In general, a preliminary injunction is appropriate if a plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in plaintiff's favor. See Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022, 1025 (9th Cir.2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir.2000). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate, 204 F.3d at 874.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

Although the events that plaintiff describes are unpleasant, the undersigned finds that plaintiff has failed to provide sufficient evidence that he has sustained or is in immediate danger of sustaining injuries that would justify granting the relief requested.  See Sony Computer Equipment Am, Inc., 214 F.3d at 1025.  Additionally, federal courts must afford deference to the appropriate state prison authorities in matters of prison administration, and therefore are required to balance the state's interests against the need to protect an inmate's constitutional rights. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ( "Prison administration is … a task that has been committed to the responsibility of … [the legislative and executive] branches, and separation of

---

[1] A "vision impaired vest" is apparently a vest worn by vision impaired inmates in correctional facilities.

1  powers concerns counsel a policy of judicial restraint."). The undersigned finds that the
2  injunctive relief requested by plaintiff will adversely impact the prison administration system
3  because it would compel state officials to take action–transferring plaintiff, that go beyond the
4  requirements of the applicable state administrative rules.
5           Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for
6  injunctive relief (doc. 28) be denied.
7           These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
9  days after being served with these findings and recommendations, plaintiff may file written
10 objections with the court. The document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
12 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
13 1153 (9th Cir. 1991).

15 DATED: January 17, 2006.

17                                      _____
                                        **CRAIG M. KELLISON**
18                                      UNITED STATES MAGISTRATE JUDGE